(No. 76-CC-1070—

ST. JOHN'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois not-for-profit Corporation, Claimant, v. STATE OF ILLINOIS, Respondent.

*Opinion filed January 25, 1978.*

GRAHAM & GRAHAM, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER and LAWRENCE W. REISCH, JR., Assistant Attorneys General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court on a claim filed by Claimant for services rendered to one David W. Landers.

David W. Landers was a resident of Springfield Township, Sangamon County, Illinois, and at the time of his hospitalization was in the legal custody of the Juvenile Division, Department of Corrections of the State of Illinois.

David W. Landers was injured in an automobile accident and was taken by emergency vehicle to a hospital where the emergency treatment was rendered for which Claimant now seeks to recover.

This claim was previously presented to the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, Cause No. 75-LM-808. In that cause, Claimant sought relief against two townships, they being the area in which the parents of the injured party lived at the time of the accident.

At the time of the accident, David W. Landers was on parole to his parents' home.

The Circuit Court of Sangamon County entered an order, filed December 18, 1975, in which the plaintiff's cause of action was dismissed without prejudice. The order stated that the Director of Juvenile Division, Department of Corrections, was legally liable to pay for such hospital services and that since Landers was not indigent, the two townships could not be held liable. The Court further held that the claim must be pursued in the Court of Claims.

Respondent denies liability on the theory that the injured party was not in the actual physical custody and control of the State at the time of the accident in question.

The hospital finds itself in the unenviable position of being compelled by law to furnish services to each and every individual who is brought to its doors and

then finds that no one cares to assume the responsibility of paying for treatment rendered.

It is not denied by any party herein that the treatment was necessary, that it was furnished, and that the amount claimed is fair and reasonable.

Claimant contends that Ill. Rev. Stat., Ch. 38, paras. 1003-14-3 provides that the Department can purchase "necessary services" for a parolee and Claimant further contends that medical treatment was a necessary service.

Respondent's theory is that the statute merely authorizes the department to purchase the services and does not require it to.

There was also some question raised as to whether the Department of Public Aid or the Department of Corrections was the proper department. This seems rather immaterial because in either instance, the State is held liable.

It is the opinion of this Court that Claimant was in the legal custody of the Department of Corrections at the time the services were rendered and that said services should be paid for by the State.

An award is hereby made to Claimant in the amount of $1,952.62.